UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DEAN WILLIAMS,            )<br>                                              )<br>            Petitioner,      )<br>                                              )      No. 2:04-CV-417 PS<br>        vs.                              )<br>                                              )<br>JOHN VANNATTA,         )<br>                                              )<br>            Respondent.   ) | |

## OPINION AND ORDER

On December 28, 2004, *pro se* petitioner, Dean Williams, an inmate at the Miami Correctional Facility ("MCF") in Bunker Hill, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on July 9, 2004, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a traverse. Because Williams' petition is untimely pursuant to 28 U.S.C. §2244(d)(1), the petition is hereby denied.

## BACKGROUND

On May 20, 1997, Williams pled guilty to forgery and was sentenced to four years imprisonment to run consecutively to another case. Although Williams did not seek a direct appeal, he did file motions for jail time credit on September 10 and 15, 1997. (Ex. A). Those motion was denied on October 14, 1997. (*Id*.). On that same day the abstract of judgment was modified to reflect jail time credit of 139 days. (Ex. C). More than five years later, on December 10, 2002 Williams filed another motion for jail time credit. (*Id*.). That motion was denied on December 12, 2002. (*Id*.). Williams appealed and the Indiana Court of Appeals affirmed the trial court's decision on July 7, 2004. (*Id*.). He filed this petition on December 28,

2004.

## DISCUSSION

Williams' petition is governed by 28 U.S.C. §2254(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which sets a high hurdle for habeas relief. Section 2244(d)(1) imposes a one-year statute of limitations on state prisoners seeking habeas corpus relief. Specifically, it states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id*.

The one-year statute of limitations begins to run from the latest of several events. As relevant here, the limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A).

For purposes of calculating the limitation period, the Court must determine when Williams's direct criminal appeal was, or would have been, concluded.  Williams's judgment of conviction became final on June 19, 1997, when the time to seek an appeal in the Indiana Court of Appeals expired.  *See Griffith v. Kentucky*, 479 U.S. 314, 321 & n.6 (1987).  Because he did not seek an appeal, he had until June 20, 1998 to file either his petition for writ of habeas corpus or a state petition for post conviction relief which would toll the statute of limitations.  28 U.S.C. § 2244(d)(1)(A).

Williams did file  motions for jail credit on September 10 and 15, 1997, and they were denied on October 14, 1997. Assuming those motions tolled the statute of limitations, Williams had an extra 34 days in which to file his federal petition, or another state action which would toll the statute of limitations.  However, Williams didn't file another state motion until December 10, 2002, more than five years after the statute of limitations had run.  Accordingly, Williams's petition for writ of habeas corpus is untimely and his claims are time-barred.

Nevertheless, Williams argues that his petition is timely. He argues first that he filed a petition for jail time credit on "approximately" October 14, 1997 he filed a petition for jail time credit.  However, the record shows that the two motions for jail time credit were filed on September 10 and 15, 1997 and the abstract of judgment was modified on October 14, 1997.  The October 14, 1997 abstract establishes that Williams's jail time credit was reduced to 139 days from 274 days.  We can only conclude that Williams was confused about the date of his motions versus the date of their disposition.

Further, Williams argues that he never received notice of the October 14, 1997 modification, but that sometime in 2002 he was reviewing his record and noticed the increase in his sentence. On December 10, 2002 he filed another motion for jail time credit which was

denied on December 12, 2002.

Williams argues that the state court's failure to notify him of the October 14, 1997 modification makes this petition timely.  28 U.S.C. § 2244(d)(1)(D) allows the statute of limitations to run from the latest event which could include the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.  Williams argues that because he never received proper notice of the initial reduction in his jail time credit from the state court, his petition should be reviewed based on the plain or fundamental error relating to the increased sentence.(Traverse, pg. 12.)

Section 2244(d)(1)(D) requires the petitioner to exercise due diligence in discovering the factual basis for his claims. Williams was aware of the factual basis for his claim at his sentencing when he raised an objection regarding the jail time credit.  He also filed two motions for jail time credit less than four months after he was sentenced.  That Williams didn't review his record from October 14, 1997 until sometime in 2002 does not establish the exercise of due diligence.  Williams knew he had filed two motions with the court for review of his jail time credit. He had the responsibility of knowing the status of those motions and of his case.  If he had, he would have known about the reduction.  By the time Williams learned of the reduction in 2002 his time had run out.  Williams's petition for writ of habeas corpus is untimely pursuant to 28 U.S.C. §2244(d)(1).

For these reasons, this petition is **DENIED**.   Defendant VanNatta's Motion For Relief From Order to Produce State Court Record [Doc. 15] is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

ENTERED:    March 17, 2006

                                                    S/ Philip P. Simon
                                                    PHILIP P. SIMON, JUDGE
                                                    UNITED STATES DISTRICT COURT