UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DEAN WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 2:04-CV-417 PS |
| | ) | |
| JOHN VANNATTA, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Petitioner Dean Williams's Notice of Appeal and a Petition for Certificate of Appealability ("CA").[1] [Docs. 26, 27].

When applying for a CA, a petitioner must make "a 'substantial showing of the denial of a federal right.'" *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983). Congress codified the *Barefoot* standard at 28 U.S.C. § 2253, see *Slack v. McDaniel*, 529 U.S. 473, 475 (2000), in order to prevent frivolous appeals from delaying a state's ability to impose sentences. The court's discretion on whether to grant or deny a CA is the best vehicle for separating meritorious from frivolous appeals. *Barefoot*, 463 U.S. at 893. A petitioner is not required to show that he would prevail on the merits, but he must show that the issues presented in his habeas petition are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Id*. at 893 n.4 (internal quotations and citations omitted).

---

[1] Williams filed a second Petition for Certificate of Appealability on April 27, 2006. [Doc. 29]. However, this second petition appears to be merely a duplicate of the first petition.

Williams's petition was dismissed because it was not filed within the one year statute of limitations as required by 28 U.S.C. § 2244(d)(1). [Doc. 24]. Williams's direct appeal was final on June 19, 1997.  Thus, Williams had until June 20, 1998 within which to file a federal habeas petition or a state petition for post conviction relief.  28 U.S.C. § 2244(d)(2); *Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002).  Although he filed motions for jail credit which may have tolled the statute of limitations, he still allowed more than five years of untolled time to run before he filed another motion in state court on December 10, 2002.  By the time he filed this petition his statute of limitations had run.  Pursuant to 28 U.S.C. § 2244(d)(1)(A), Williams had one year from the "expiration of the time for seeking (direct) review" to file his habeas petition and he failed to do so.  His petition was, therefore, untimely.

In short, none of the issues presented to the court in the application for certificate of appealability make a substantial showing of the denial of a constitutional right or present questions that are debatable among jurists of reason. *See Kraushaar v. Flanigan*, 45 F.3d. 1040 (7th Cir. 1995). Accordingly, petitioner's application for a certificate of appealability pursuant to Fed. R. App. P. 22(b) is hereby **DENIED** because the petitioner has not made a substantial showing of the denial of a Constitutional right.  The court advises the petitioner that pursuant to Fed. R. App. P. 22(b), where the district judge denies a certificate of appealability, "the applicant for the writ may then request issuance of the certificate by a circuit judge."

**SO ORDERED.**
ENTERED:   May 3, 2006

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT